Frank L. Bybel, Esq. City Attorney City of Lackawanna City Hall 714 Ridge Road, Rm. 313 Lackawanna, N Y 14218
Dear Mr. Bybel:
You have asked whether an amendment to the City Charter requiring the vote of four of the five City Council members to adopt a local law is consistent with State law.
In our view, the Charter provision is inconsistent with the procedure for adoption of local laws as set forth in the Municipal Home Rule Law and, therefore, is invalid. City charters may be adopted or revised by local law. Municipal Home Rule Law § 10(1)(ii)(c) and Article 4. However, while local laws may relate to a wide range of subjects, there is no authorization to change the procedure for enactment of local laws. The general rule is that local laws are enacted by majority votes of the legislative body. Section 20(1) of the Municipal Home Rule Law specifically states that "[n]o local law shall be passed except by at least the majority affirmative vote of the total voting power of the legislative body." A city charter provision requiring that local laws be passed by a four-fifths vote has been found to be inconsistent with this provision. See, Grady v. Mayor and Common Council of City of Yonkers,32 A.D.2d 961 (2d Dept 1969). The Municipal Home Rule Law specifies when a super-majority vote is required. Section 21 (override of a veto).
We conclude that a local government may not modify the procedure for enactment of local laws by requiring that local laws be enacted by a super-majority vote.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions